respondent's request for representation. It is completely unnecessary to entertain hypothetical questions regarding whether such an error defies harmless error analysis.

*Order Granting Oral Argument in Case Pending on Application for Leave to Appeal April 8, 2009:*

ROBERTS V SAFFELL, No. 137749. We direct the clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(G)(1). At oral argument, the parties shall address: (1) whether the Court of Appeals erred by holding that innocent misrepresentation is not a viable theory of liability under the Seller Disclosure Act (SDA), MCL 565.951 *et seq.*; (2) if not, whether the plaintiffs could nevertheless proceed with their claim to the extent an issue presented to the jury was whether the defendants knew of the termite infestation and intentionally withheld the information from the plaintiffs; (3) whether the defendants failed to preserve the argument that a claim for innocent misrepresentation cannot legally be maintained under the SDA by failing to expressly present it at the Court of Appeals; and (4) if so, whether this failure to preserve the issue acted as a waiver of this defense or acted as a bar to the Court of Appeals consideration of the issue. The parties may file supplemental briefs within 28 days of the date of this order, but they should not submit mere restatements of their application papers. Reported below: 280 Mich App 397.

*Summary Disposition April 8, 2009:*

PEOPLE V O'NON, No. 136514. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we remand this case to the Court of Appeals for consideration, as on leave granted, of the issues: (1) whether the redacted transcript of the prior testimony of Matthew O'Non at his own trial, which was admitted in this case, was "testimonial" under *Crawford v Washington*, 541 US 36 (2004); (2) whether any statements in that transcript were hearsay under MRE 801(c) because they were offered to prove the truth of the matters asserted and therefore were barred by *Crawford*; and (3) whether all statements in that transcript that were offered to prove the falsity of the matters asserted necessarily were not hearsay under MRE 801(c) and thus were not barred by *Crawford*. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction. Court of Appeals No. 280262.

*Leave to Appeal Denied April 8, 2009:*

PEOPLE V ROSARIO, No. 137366; Court of Appeals No. 285847.

PEOPLE V MCCULLOUGH, No. 137410; Court of Appeals No. 260592. KELLY, C.J., and CAVANAGH, J. We would grant leave to appeal.